UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ANDERSON SCRUBB,

                 Petitioner,                       NOT FOR PUBLICATION
                                                  **MEMORANDUM & ORDER**
- against -                                     10-CV-3286 (CBA) (JO)

THOMAS LAVALLEY,

                 Respondent.
----------------------------------------------------------------x

AMON, Chief United States District Judge.

On July 11, 2010, Anderson Scrubb, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (DE #1.) On referral from this Court, Magistrate Judge James Orenstein issued a Report & Recommendation ("R&R") on August 1, 2012 concluding that Scrubb's petition should be denied. (DE #9.) Although the Court initially adopted the R&R without objection, Scrubb subsequently moved for relief under Rule 60(b)(3)(6) arguing that he did not receive the R&R and therefore did not have an opportunity to lodge objections to it. (DE #12, 17.) The Court granted Scrubb's motion and, after considering his objections, again adopted the R&R on November 25, 2014. (DE #25-26, 28.) Judgment was entered on November 26, 2014. (DE #29.)

Scrubb timely appealed on December 10, 2014. (DE #30.) The Second Circuit dismissed that appeal for failure to make "a substantial showing of the denial of a constitutional right" on February 17, 2015 and the Mandate issued on May 13, 2015. (DE #37.)

Scrubb now moves for reconsideration of this Court's November 25 Order denying his petition pursuant to Federal Rule of Civil Procedure 59(e). (DE #34.) The Court assumes familiarity with the facts and procedural history of this case as laid out in its prior Orders and denies Scrubb's motion for the reasons stated below.

1

## DISCUSSION

"Reconsideration of habeas corpus petitions is appropriate under either Rule 59(e) or Rule 60(b)." Paredes v. United States, No. 10-CV-5498 (ARR), 2011 WL 837139, at *1 (E.D.N.Y. Mar. 2, 2011) (citation omitted). If the motion for reconsideration is filed within 28 days of judgment it may be considered under Rule 59, otherwise it must proceed under Rule 60(b). De La Rosa v. Rocco, No. 07-CV-7577 (PKC) (KNF), 2011 WL 2421283, at *2 (S.D.N.Y. June 8, 2011) (citing United States v. Clark, 984 F. 2d 31, 32 (2d Cir. 1993)).

### I. Rule 60(b)

In this case, the Court entered Judgment denying Scrubb's petition on November 26, 2014. (DE #29.) Although Scrubb filed a letter expressing his intention to seek reconsideration within the 28-day window, he failed to actually make his motion within that period. (DE #31-32.) Scrubb did not actually move for reconsideration until February 3, 2015. (DE #34.) That falls well outside the time allotted by Rule 59(e) and therefore his motion may proceed only under Rule 60(b). De La Rosa, 2011 WL 2421283, at *2. Because Rule 60(b) permits only a challenge based on the integrity of the federal habeas proceeding—not attacks on the underlying conviction—Scrubb's motion is denied as beyond the scope of that Rule. See Harris v. United States, 367 F.3d 74, 77 (2d. Cir. 2004) (citation omitted).

### II. Rule 59(e)

Moreover even if Scrubb had timely filed a motion under Rule 59(e), the Court would have denied it. Under the strict standard set by Rule 59(e), reconsideration may "be granted only if the court has overlooked controlling decisions or factual matters that were put before it on the underlying motion and which, had they been considered, might have reasonably altered the result before the court." Thaler v. United States, 706 F. Supp. 2d 361, 374 (S.D.N.Y. 2010). As such a

2

motion "is 'not a vehicle for . . . presenting the case under new theories,'" arguments made for the first time on reconsideration are properly disregarded. Diaz v. Bellnier, 974 F. Supp. 2d 136, 139 (quoting Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012)).

Read liberally, Scrubb asserts two primary grounds for reconsideration. First, he argues that the Court erred in finding that Stone v. Powell barred his Fourth Amendment claim and that it should have proceeded to consider that claim on the merits. Second, Scrubb contends that the Court misconstrued his due process claim as merely repackaging his Fourth Amendment claim when, in fact, it was based on the state prosecutor's failure to provide the notice required by New York Criminal Procedure Law § 710.30(1)(2). Both claims are meritless.

## A. Fourth Amendment Claim

As the magistrate judge correctly found, "[t]his court may only review such a Fourth Amendment claim in a habeas petition if the 'state provides no corrective procedures at all to redress Fourth Amendment violations [or] . . . where the state provides the process but . . . the defendant is precluded from utilizing it by reason of an unconscionable breakdown in that process.'" (R&R at 9 (quoting Gates v. Henderson, 568 F.2d 830, 840 (2d Cir. 1977) (en banc)).) Here, Scrubb moved for suppression in the state trial court and unsuccessfully appealed the denial of that motion to the Second Department of the Appellate Division. (DE #28 at 4-5.) Nevertheless, Scrubb now contends that the state court machinery suffered such an "unconscionable breakdown" based on the prosecution's failure to call Detective Anselmo—the officer who obtained his consent—at the suppression hearing. (DE #34 at 5.)

Even if Scrubb properly raised the unconscionable breakdown argument in his objections to the R&R (which is far from clear), that argument would fail on the merits. That narrow exception to Stone requires a petitioner to show that the state process was "meaningless

[because] the totality of state procedures allegedly did not provide rational conditions for inquiry into federal-law . . . questions . . . ." Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992) (citation omitted) (holding that a summary disposition or erroneous outcome by the state court is insufficient to justify federal habeas review). Although Scrubb claims that the state courts erred by allowing Detective Gasser (rather than Detective Anselmo) to testify about Scrubb's agreement to answer questions at the precinct, that does not render the state court procedure constitutionally defective. See Kelly v. Conway, No. 10-CV-3053 (ENV), 2011 WL 3555823, at *3 (E.D.N.Y. Aug. 11, 2011) (finding that prosecution's failure to call the detective who located the disputed evidence did not constitute an "unconscionable breakdown" of state court procedures). As such, the R&R correctly found that Scrubb's Fourth Amendment claim is not cognizable in a federal habeas proceeding. (R&R at 9-10 (citing Stone v. Powell, 428 U.S. 465, 489 (1976) and Capellan v. Riley, 975 F.2d 67, 72 (2d Cir. 1992)).)

## B. Due Process

Scrubb's due process claim fares no better. Not only is that claim waived by Scrubb's failure to assert it earlier, Diaz, 974 F. Supp. 2d at 139, but it is entirely meritless. Scrubb now clarifies that he was denied due process not based on the denial of his suppression motion, but instead because the government failed to provide the notice required by New York Criminal Procedure Law § 710.30(1)(2). (DE #34 at 7-8.) But as the magistrate judge correctly found, Scrubb failed to raise any theory of due process claim in his state appeals. (R&R at 7-8 & n.3.) Therefore, such a claim cannot be reviewed by this Court unless Scrubb can show cause for his procedural default and prejudice flowing from it. Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977). Since Scrubb has established neither, his due process claim must be denied. (See id.)

Nor would that newly formulated variant of his due process claim succeed if the Court considered it on the merits. Because "[f]ederal habeas relief does not lie for errors of state law," Estelle v. McGuire, 502 U.S. 62, 67 (1991), habeas relief may be granted on the basis of a state error only if that error "actually render[ed] petitioner's state trial fundamentally unfair and hence, violative of due process." Herring v. Meachum, 11 F.3d 374, 377 (2d Cir. 1993) (quotation marks and citation omitted). Scrubb has identified no such weighty error here. To the contrary, courts have routinely concluded that a "[v]iolation of the notice requirement of New York Criminal Procedure Law § 710.30 is purely a matter of state law and raises no constitutional issues for a habeas court to review." Southerland v. Gourd, 269 F. Supp. 2d 48, 53 (E.D.N.Y. 2003) (quoting Arocho v. Walker, No. 01-CV-1367 (NRB), 2001 WL 856608, at *3 (S.D.N.Y. July 27, 2001)).

## C. Remaining Claims

Finally, the cursory references to purported violations of the Confrontation Clause, coercive interrogation techniques and claims of actual innocence do not support Scrubb's request for reconsideration. (DE #34 at 6.) Because Scrubb has never before alleged that his confession was involuntary, the Court will not consider that claim for the first time on reconsideration. Diaz, 974 F. Supp. 2d at 139. The remaining claims were denied on the merits in the Court's November 25 Order (DE #28 at 8-10) and the vague references in Scrubb's motion provide no legal or factual basis for reconsideration of those prior findings. See id.

## CONCLUSION

Accordingly, Scrubb's motion for reconsideration (DE #34) is denied. Since Scrubb has failed to make a "substantial showing of the denial of a constitutional right," a Certificate of Appealability shall not issue. 28 U.S.C. § 2253(c). Further, the Court certifies pursuant to 28

5

U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 10, 2015
      Brooklyn, New York

                                      s/Carol Bagley Amon

                                      Carol Bagley Amon
                                      Chief United States District Judge